THE STATE, DEFENDANT IN ERROR. v. THOMAS FUER ET AL., PLAINTIFFS IN ERROR.

Argued May 6, 1924—Decided October 7, 1924—Filed October 24, 1924.

**Crimes—Rape—Alleged Verdict Against Weight of Evidence— Alleged Error in Refusing to Direct Acquittal—Alleged Errors in Court's Charge Relating to Reasonable Doubt— None of the Allegations Sustained—Reasonable Doubt May Be Engendered by Defendant's Evidence, or May Result From Lack of Proof.**

On error to the Somerset Quarter Sessions.

Before GUMMERE. CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiffs in error, *Frederick A. Pope.*

For the defendant in error, *Azariah M. Beekman.*

PER CURIAM.

This was an indictment for rape against six defendants, two of whom were acquitted by direction of the court, and the other four were convicted by the jury. The story of the alleged crime, in brief, is that, after a quarrel and fight between the defendants and some other people in a lunch wagon at Bound Brook some time after midnight, the complaining witness, a Mrs. Bodvenski, a married woman living with her husband, went to find her husband, who she said was at a private house some two blocks away, and at the corner leading to this house was seized by the several defendants, dragged across the street into an old cemetery over a retaining wall some three or four feet high, and, at a somewhat secluded place in the cemetery, was ravished by the entire party. The principal oral argument and the bulk of the briefs of plaintiffs in error are devoted to the proposition that the verdict was against the weight of evidence. The other points made seem to be as follows: First, that the court erred in refusing to direct an acquittal as to the defendant Farrano. There was, in our judgment, a plain case for the jury as to his participation in the affair, and it would have been error to direct an acquittal.

The next point is that, in charging on reasonable doubt, the court erred in saying to the jury: "The burden of proof is upon the prosecution, and if, upon such proof, there be a reasonable doubt remaining the accused are entitled to the benefit of the doubt. That is your duty." The argument made is that this amounted to "limiting the application of reasonable doubt to the proofs adduced on behalf of the state. A reasonable doubt may be engendered by evidence produced by the defendants, or it may result from a lack of proof."

We think the fallacy of this proposition lies in its omission of other language used by the judge directly in connection with it, and which makes the whole matter perfectly clear.

The following is the complete instruction of the court on this subject:

"The burden of proof in this case, as in every other case, is upon the state to prove to your satisfaction, beyond a reasonable doubt, of the defendant's guilt. Reasonable doubt, in one of the best definitions I have been able to find, is defined as follows: 'It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge.' The burden of proof is upon the prosecution, and if, upon such proof, there be a reasonable doubt remaining, the accused are entitled to the benefit of that doubt. That is your duty.

"If, in this case, you are satisfied, beyond such a reasonable doubt as I have defined, that these men, or any one of these men, were guilty of the crime as charged by the state, it would be your duty, under the law, to find them guilty as charged. If, on the other hand, after a consideration of all the evidence, you do not believe any of these men, or anyone did commit the crime as charged, or if there is a reasonable doubt in your minds of any one or all of the defendants having committed the crime, you are bound, under the law, to give the defendants the benefit of that doubt, and to acquit."

We think these instructions should have made it perfectly clear to the jury that, in passing on the question of reasonable doubt, they were to take into consideration all the evidence in the case, and that the context indicates that the words "burden of proof" and "such proof" related to the entire proof, and not merely to that adduced on the part of the state. There is therefore, as we think, nothing in this point.

The next point is that the court erred in refusing to charge the second request of the defendant, about half a page in length, and embracing a considerable amount of comment plainly intended to influence the jury on an acquittal. Requests of this kind, as our courts have frequently said, are often entirely proper to be charged, if the court, in its dis-

cretion, thinks it wise to do so, but it is certainly not erroneous to refuse to charge, or fail to charge, in language commenting upon the character of the crime and the position of the defendant, calculated to impress the jury with the idea that the court is working for an acquittal.

Finally, that the verdict was against the weight of evidence. We have read the evidence with care, and, applying the rule laid down in *State* v. *Karpowitz,* 1 *N. J. Adv. R.* 94, we are unable to see that the evidence for the defense predominated in any such sense as to require us to set aside the verdict of the jury in this case. A good deal of the argument is devoted to a sort of computation of the time required for six men (or four men, as indicated by the conviction) to leave the lunch wagon, waylay, seize and ravish a woman and return to the lunch wagon. All this was fully laid before the jury, and they were as well able to deal with it as we are. They had the testimony of the woman herself, who was pregnant at the time, and was made very ill and underwent an involuntary abortion, and suffered great loss of blood from a persistent discharge from the womb, the complaint of the matter at once, at least, to one of the police officers, and in the morning to the magistrate, and who definitely identified in court the men who she says committed the crime. There seems to be no question of the general respectability of the complaining witness, and it seems inconceivable that she should have made so serious a charge against these men unless there was a good basis for it. This was evidently the view taken by the jury, and we do not feel disposed to set aside their finding in the premises.

The judgment is therefore affirmed.